# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Filed July 12, 2005

No. 03-3105

UNITED STATES OF AMERICA,
APPELLEE

v.

MICHAEL ANGELO VARGAS,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(97cr00020-01)

———

On Petition for Rehearing

———

Before: EDWARDS and RANDOLPH, *Circuit Judges,* and
WILLIAMS, *Senior Circuit Judge.*

Opinion PER CURIAM.

PER CURIAM: In his petition for rehearing, Vargas asks for
an opportunity to submit a brief on the question whether he
needed a certificate of appealability under 28 U.S.C.
§ 2253(c)(1) in order to appeal the district court's denial of his
motion under Rule 60(b) of the Federal Rules of Civil
Procedure. We see no reason to doubt our holding that he did

need a certificate and that he was not entitled to one. After our decision the Supreme Court decided *Gonzalez v. Crosby*, No. 04-6432, 2005 WL 1469516 (U.S. June 23, 2005). The Court observed that requiring a certificate of appealability for Rule 60(b) motions in habeas cases, as many courts of appeals have, appeared to be "plausible" and to have a sound basis in the statute. 2005 WL 1469516, at \*6 n.7.

Vargas also maintains that we erred in stating that the district court did not deny his Rule 60(b) motion on procedural grounds. The district court stated that Vargas had shown neither why the court's original denial of habeas relief was void (Rule 60(b)(4)) nor why the judgment should be set aside (Rule 60(b)(6)). Even if these grounds of decision might be characterized as "procedural," we would still deny a certificate of appealability. Vargas had no underlying constitutional claim which "jurists of reason" would find "debatable" and he offered no basis for supposing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Gonzalez v. Secretary for Dep't of Corr.*, 366 F.3d 1253, 1267 (11th Cir. 2004) (en banc), *affirmed on other grounds in Gonzalez v. Crosby*.

The petition for rehearing is denied.